IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FREDRICK M. TAYLOR,<br>Institutional ID No. 205655, | )<br>)<br>) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:17-CV-242-BQ |
| v. | )<br>)<br>) | |
| CALEB MILLER, | )<br>)<br>) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was referred to the magistrate judge by order dated December 13, 2017. ECF No. 13. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that Taylor's claim against Lubbock Police Department Officer Caleb Miller for excessive use of force in violation of the Fourth Amendment survives preliminary screening. ECF No. 22. Consequently, the court ordered the United States Marshal to personally serve Defendant Miller and required him to file an answer or otherwise respond to the Complaint. *Id.* Defendant filed his answer on July 3, 2018. ECF No. 26. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendant's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

### I.   Discussion

The undersigned previously found that Taylor's claim for excessive force survives preliminary screening. *See* Order Directing Service, at 1–2 (ECF No. 22). Taylor's use of force claim arises under the Fourth Amendment because he was an arrestee at the time of the alleged

incident.[1] *See Graham v. Connor*, 490 U.S. 386, 396 n.10 (1989) (suggesting that "the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins"); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (holding that plaintiff asserted a valid Fourth Amendment claim where he alleged defendant maliciously choked him after arresting plaintiff and searching his vehicle, but prior to transporting him to jail). To sufficiently state an excessive force claim, an arrestee must demonstrate that he suffered: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)). "The objective reasonableness of the force [utilized] . . . depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008) (citing *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). In evaluating the objective reasonableness of an officer's use of force, courts consider the following non-exclusive factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396).

Here, Taylor claims that while handcuffed to a hospital bed at University Medical Center (UMC) in Lubbock, Texas (where he received medical treatment prior to his transport to and detention at LCDC), Defendant Miller bent Taylor's handcuffed hands behind his head and made him beg for water. *See* Compl., at 3–4 (ECF No. 1); Questionnaire, at 2 (ECF No. 18). Taylor

---

[1] The alleged incident took place after Defendant Miller arrested Taylor outside of a United Supermarket, but before Miller transported Taylor to the Lubbock County Detention Center (LCDC). For this reason, the court concludes Taylor was an arrestee at the time the alleged constitutional violation occurred.

2

claims Defendant's actions injured his wrist and arm, and he seeks monetary damages and asks the court "to pull up the camera and look at the evidence." Compl., at 4. As noted in the order to answer, Lubbock Police Department and Lubbock County provided authenticated records that document Taylor's arrest and transport to UMC, but contain no report or video concerning the alleged incident at the hospital. At this stage of the proceedings, Taylor's allegations, taken as true, sufficiently state a claim for excessive force under the Fourth Amendment against Defendant Miller. Thus, Taylor's claim against Defendant Miller survives preliminary screening and should move forward. *See, e.g., Ramirez v. Martinez*, 716 F.3d 369, 378 (5th Cir. 2013) (citing *Bush*, 513 F.3d at 501–02) (explaining that the Fifth Circuit has "held a police officer used excessive force that was objectively unreasonable and in violation of clearly established law when he forcefully slammed a suspect's face into a vehicle after subduing her and placing her in handcuffs"); *Allen v. Burnett*, Civil Action No. 3:12-cv-4863-O, 2013 WL 2151218, at *4 (N.D. Tex. May 17, 2013) (accepting magistrate judge's recommendation that plaintiff's Fourth Amendment excessive force claim survived screening where plaintiff's "factual allegations, taken as true, reasonably suggest[ed] that [defendants] acted maliciously and sadistically to cause harm"); *Paris v. Dall. Police Dep't*, No. 3:12–CV–0296–G–BH, 2012 WL 2520779, at *6 (N.D. Tex. June 5, 2012) (recommending plaintiff's Fourth Amendment excessive force claim survive screening where plaintiff's allegations that defendants kicked him and forced a flashlight down his throat sufficiently demonstrated, for the purposes of screening, that defendants did not apply force in a good-faith effort to maintain or restore discipline).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order.

Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:17-CV-242-C.

## II.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 12, 2018

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE